IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ENRIQUE C. RAMIREZ, ID # 1026755, )<br>Petitioner, )<br>vs. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>Respondent. ) | No. 3:07-CV-1381-M (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural History**

On February 12, 2001, petitioner was convicted of indecency with a child (Cause No. F00-47810-US) and aggravated sexual assault of a child (Cause No. F00-72442-MS) and was sentenced to twenty and fifty years imprisonment, respectively. On June 25, 2002, the court of appeals dismissed his consolidated appeal for lack of jurisdiction because it was untimely. *Ramirez v. State*, Nos.

05-01-00461-CR, 05-01-00462-CR, 2002 WL 1364398, at *1 (Tex. App. – Dallas June 25, 2002, no pet.). Petitioner filed no petition for discretionary review (PDR) from that dismissal.

On June 20, 2003, petitioner filed state petition for each conviction in which he sought an out-of-time appeal. S.H. Tr.-01[1] at 02; S.H. Tr.-02 at 02. On September 29, 2004, the Texas Court of Criminal Appeals granted petitioner leave to pursue an out-of-time appeal. *Ex parte Ramirez*, Nos. 75,021, 75,022, 2004 WL 3259044, at *1 (Tex. Crim. App. Sept. 29, 2004). On August 22, 2005, the court of appeals affirmed petitioner's convictions. *Ramirez v. State*, Nos. 05-04-01739-CR, 05-04-01740-CR, 2005 WL 2002165, at *2 (Tex. App. – Dallas Aug. 22, 2005, no pet.). Petitioner filed no PDR to challenge that ruling. On August 15, 2006, petitioner filed his second set of state applications for writ of habeas corpus. *See* S.H. Tr.-03[2] at 02; S.H. Tr.-04 at 02. On May 30, 2007, the Texas Court of Criminal Appeals denied those applications without written order on the findings of the trial court. *See Ex parte Ramirez*, No. 59,735-03, slip op. at 1 (Tex. Crim. App. May 30, 2007); *Ex parte Ramirez*, No. 59,735-04, slip op. at 1 (Tex. Crim. App. May 30, 2007).

Petitioner filed the instant petition on August 2, 2007, when he placed it in the prison mail system. (Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He asserts that (1) counsel coerced him to accept a twenty-five year plea offer and when he rejected that advice, counsel suggested that he elect a bench trial because he would get a

---

[1] "S.H. Tr.-01" denotes the state habeas records attached to *Ex parte Ramirez*, No. 59,735-01, slip op. (Tex. Crim. App. Sept. 29, 2004) (also identified as No. 75,021) "S.H. Tr.-02" denotes the record attached to *Ex parte Ramirez*, No. 59,735-02, slip op. (Tex. Crim. App. Sept. 29, 2004) (also identified as No. 75,022).

[2] "S.H. Tr.-03" denotes the state habeas records attached to *Ex parte Ramirez*, No. 59,735-03, slip op. (Tex. Crim. App. May 30, 2007). "S.H. Tr.-04" denotes the record attached to *Ex parte Ramirez*, No. 59,735-04, slip op. (Tex. Crim. App. May 30, 2007).

lighter sentence than through a jury; (2) his attorney rendered ineffective assistance by failing to object to hearsay testimony, adequately prepare for trial, and object to an involuntary statement given in violation of *Miranda*;[3] and (3) the prosecutor engaged in misconduct by seeking to admit prior inconsistent statements. (Pet. at 7; Brief Supp. at 4-11.) In January 2008, respondent provided state court records and filed an answer to the petition in which he asserts that the petition is untimely and lacks merits. (*See* Answer at 1-19.) Petitioner has filed no reply brief.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the one-year statute of limitations is calculated from the latest of (A) the date petitioner's convictions became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to the date petitioner's judgments of conviction became final, petitioner filed an untimely appeal and was granted an out-of-time appeal through the state habeas process. In such circumstances, the date the judgment becomes final "must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Jimenez v. Quarterman*, 129 S. Ct. 681, 686-87 (2009) (unanimous decision) (rejecting reliance on *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004) for contrary position). Petitioner's state judgements of conviction became final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, thirty days after the appellate court rendered its judgment on the out-of-time appeal on August 22, 2005. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). The time for seeking review expired, and Petitioner's conviction thus became final, on September 21, 2005.

Petitioner's claims became known or could have become known through the exercise of due diligence prior to the date petitioner's judgments of conviction became final. By that time, he would have known or should have known the factual bases for his claims.

Because petitioner filed his petition more than one year after his convictions became final on September 21, 2005 a literal application of § 2244(d)(1) renders his August 2, 2007 filing untimely.

### III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas applications were pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

By the time petitioner filed his second set of state petitions, he had used approximately eleven months (327 days) out of the year he had to timely file a federal petition. The filing of his second set of petitions, nevertheless, tolled the statute of limitations until the Court of Criminal Appeals denied the petitions on May 30, 2007. The AEDPA clock began to run again on May 31, 2007, and the remaining time in the statutory period of limitations elapsed in early July 2007. By the time petitioner filed the instant federal petition on August 2, 2007, the statutory period of limitations had already expired. He is therefore not entitled to statutory tolling. Further, petitioner has filed nothing to indicate that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to

equitable tolling). Although he states in his supporting brief that he was not aware until April 10, 2003, that his original appellate attorney had not timely filed his original appeal (*see* Brief Supp. at 2), he was has received the benefit of all of that time and more in determining the date his judgments of conviction became final. *See Jimenez*, 129 S. Ct. at 686-87. He is therefore not entitled to consideration of equitable tolling based on that delayed notice.

Because neither statutory nor equitable tolling saves petitioner's August 2, 2007 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 with prejudice for petitioner's failure to file it within the applicable limitations period.

**SIGNED this 26th day of February, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE